a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DAMIEN RASHAD MONCRIEF #798155, Plaintiff | CIVIL DOCKET NO. 1:25-CV-01700 SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| CATAHOULA CORRECTIONAL CENTER ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 filed by pro se Plaintiff Damien Rashad Moncrief ("Moncrief"). Moncrief is incarcerated at Catahoula Correctional Center in Harrisonburg, Louisiana. He seeks damages for receiving incorrect medication at pill call.

Because Moncrief fails to state a viable constitutional claim, the Complaint should be DENIED and DISMISSED.

I. Background

Moncrief alleges that he reported to pill call on October 18, 2025, where a corrections officer was distributing medication rather than a nurse. Moncrief asserts that the officer gave him "the wrong medication" causing him to shake and itch. ECF No. 1 at 3.

1

II.  **Law and Analysis**

    A.  **Moncrief's Complaint is subject to preliminary screening.**

As a prisoner proceeding *in forma pauperis* who is seeking redress from an officer or employee of a governmental entity, Moncrief's Complaint is subject to preliminary screening under § 1915A and § 1915(e)(2). *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Both sections provide for sua sponte dismissal of the Complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(b); 1915A.

    B.  **Moncrief does not allege deliberate indifference.**

To adequately plead an Eighth Amendment violation, a plaintiff "must demonstrate that a government official was deliberately indifferent to 'a substantial risk of serious medical harm.'" *Bailey v. E. Baton Rouge Par. Prison*, 663 F. App'x 328, 330 (5th Cir. 2016) (quoting *Wagner v. Bay City*, 227 F.3d 316, 324 (5th Cir. 2000)). A defendant acts with deliberate indifference to an inmate's health "only if he knows that [the] inmate[ ] face[s] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *see Reeves v. Collins*, 27 F.3d 174, 176-77 (5th Cir. 1994) applying *Farmer* to a denial of medical care claim). To meet this "extremely high standard," the plaintiff must allege that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar

2

conduct that would clearly evince a wanton disregard for any serious medical needs." *Damond v. City of Rayville*, 127 F.4th 935, 940 (5th Cir. 2025) (citing *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001)) (internal quotation marks omitted).

Moncrief does not allege that the officer acted with deliberate indifference or knowingly administered incorrect medication. Acts of negligence do not constitute deliberate indifference. *Id.*; *see also Alton v. Tex. A & M Univ.*, 168 F.3d 196, 201 (5th Cir. 1999) ("Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference.").

### C. Moncrief does not meet the physical injury requirement of 42 U.S.C. § 1997e(e).

"No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 28 U.S.C. § 1997e(e). "[I]t is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005). The physical injury required by § 1997e(e) must be more than *de minimis*, but need not be significant. *See Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (quoting *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (bruising and soreness

3

for three days from guard twisting a prisoner's arm and ear was *de minimis* and would not support a claim for mental or emotional suffering)).

Moncrief alleges that he experienced shaking and itching from the medication. These symptoms do not meet the § 1997e(e) physical injury threshold.

### III. Conclusion

Because Moncrief fails to state a viable constitutional claim, IT IS RECOMMENDED that the Complaint (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE under § 1915(e)(2)(b) and 1915A.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, January 26, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE